**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

**TRAVIS SOWELL,**

 *Plaintiff*,

**v.**              **Case No.  SA-22-CV-01283-JKP**

**WESTERN MUTUAL INSURANCE
COMPANY, VITAL CORE
CONSTRUCTION & CONSULTING,
JUSTIN CAMPBELL,**

 *Defendants*.

**<u>MEMORANDUM OPINION AND ORDER</u>**

   Before the Court is Plaintiff Travis Sowell's Motion to Remand to State Court, Defendant

Western Mutual Insurance Company's Response, and Sowell's Reply to the Response. ECF Nos.

6, 7, 8. The motion is fully briefed and ripe for ruling. After due consideration of the parties'

briefings and the applicable law, the Court **DENIES** Sowell's Motion to Remand. ECF No. 6.

**BACKGROUND**

   This lawsuit arises from an insurance claim dispute between Sowell and his homeowners'

insurance carrier, Western Mutual. Sowell alleges his home in Guadalupe County, Texas

sustained damage in a March 21, 2022 wind and hailstorm. Specifically, he says the storm

caused his home's composition shingles to lift and break free, causing extensive roof damage, as

well as other damage. Sowell filed a claim with Western Mutual and the company assigned

adjuster Justin Campbell with Vital Core Construction & Consulting to inspect his home. Sowell

alleges Campbell conducted a substandard inspection, failing to account for the full extent of

damage to the property. Following the inspection, Western Mutual concluded Sowell's covered

losses totaled an amount below his deductible and, therefore, issued no payment on his insurance

claim.

Sowell sued Western Mutual, Campbell, and Vital Core Construction & Consulting in

state court, alleging their liability for breach of contract, breach of their duty of good faith and

fair dealing, and common law fraud, as well as violations of the Texas Deceptive Trade Practices

Act and the Texas Insurance Code, including treble damages for a knowing violation, and

damages available under the Prompt Payment Act. The defendants removed to federal court,

asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). To establish § 1332(a)

jurisdiction, a removing party must show the parties involved are citizens of different states, and

the matter in controversy exceeds $75,000, exclusive of interest and costs. The parties agree they

are diverse: Sowell is a citizen of Texas and the defendants are all citizens of California. Sowell

argues the removing defendants fail to establish the amount in controversy exceeds $75,000. For

the reasons discussed herein, the Court disagrees.

## LEGAL STANDARD

Federal courts hold original jurisdiction over all civil actions between citizens of different

states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28

U.S.C. § 1332(a). Removal of an action to a federal court is proper when a civil action brought in

state court would otherwise be within the original jurisdiction of the federal courts. 28 U.S.C. §

1441. Following removal to a proper federal court, an opposing party may move to remand the

action to state court. *See* 28 U.S.C. § 1447(c). Upon examination of a motion to remand, any

doubt as to the propriety of removal and any ambiguities should be resolved in favor of remand

to state court. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Gutierrez v.*

*Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). Within determination of a motion to remand, the removing party has the burden to show federal jurisdiction exists and removal was proper. *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Jurisdiction must be reviewed based upon the pleadings and operative facts as they existed at the time of removal. *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014); *Torres v. State Farm Lloyds*, CV H-19-3730, 2020 WL 555393, at *1 (S.D. Tex. Jan. 17, 2020), report and recommendation adopted, 2020 WL 553809 (Feb. 4, 2020).

When a court reviews the amount in controversy within a motion to remand, the operative pleading and the amount demanded in good faith at the time of removal shall control. *Scarlott*, 771 F.3d at 887–88. In Texas, a Petition must contain a statement that the party seeks damages within predefined ranges. *See* Tex. R. Civ. P. 47(c). In the event the face of the operative complaint does not clearly establish the amount in controversy, the removing party must prove by a preponderance of the evidence the amount in controversy exceeds $75,000. *Scarlott*, 771 F.3d at 887–88; *Cavazos v. Allstate Vehicle & Prop. Ins. Co.,* 7:17-CV-368, 2017 WL 11317904, at *1 (S.D. Tex. Dec. 12, 2017). The removing party may satisfy this burden by (1) showing it is facially apparent from the petition the damages for the causes of action asserted are more likely than not to exceed $75,000; or (2) setting forth summary judgment-type evidence showing the facts in controversy support a finding of damages in excess of $75,000. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998); *Cavazos*, 2017 WL 11317904, at *1.

"[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing*

*Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). To make such a showing of legal certainty in Texas, plaintiffs who want to prevent removal must file a binding affidavit with the original state petition. *St. Paul Reinsurance Co.*, 134 F.3d at 1254 n.18; *Torres v. State Farm Lloyds*, CV H-19-3730, 2020 WL 555393, at *1 (S.D. Tex. Jan. 17, 2020), report and recommendation adopted, 2020 WL 553809 (Feb. 4, 2020). Otherwise, a plaintiff could simply amend his petition to increase his damages claim upon remand. *See Gates v. Allstate Tex. Lloyd's*, 267 F. Supp. 3d 861, 870 (W.D. Tex. 2016). An affidavit limiting damages that is filed after removal is irrelevant to the court's analysis. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *Torres*, 2020 WL 555393, at *1. "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Cavazos*, 2017 WL 11317904, at *1.

## ANALYSIS

In this case, removal is proper because the removing defendants have met their burden to show the amount in controversy exceeds $75,000. Specifically, Western Mutual (1) shows it is facially apparent from the petition the damages for the causes of action asserted are more likely than not to exceed $75,000; and (2) sets forth summary judgment-type evidence showing the facts in controversy support a finding of damages in excess of $75,000. Furthermore, Sowell has not shown it is legally certain his recovery will not exceed $75,000. Each of these factors is discussed more fully below.

### I.       Face of the Complaint

Sowell's original complaint filed in state court seeks $250,000 or less, excluding interest, statutory or punitive damages and penalties or attorney's fees. ECF No. 1-1. In his remand

motion, Sowell argues the Court cannot rely on that number to determine the amount in controversy for the purpose of assessing diversity jurisdiction, because Tex. R. Civ. P. 47 requires plaintiffs to select a damages range, and $250,000 is simply the upper limit of his claim's value. While Sowell's selected damages range is not sufficient to establish his claim's value, the rest of his complaint is. Courts often look to the plaintiff's complaint to "make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). Sowell alleges a wind and hailstorm caused "severe damage" to his property, including damage to the roof and other parts of the property. Sowell alleges Western Mutual is liable for breaching the parties' insurance policy agreement by failing to pay for covered damages. He further asserts extra contractual and statutory claims, including a knowing violation of the Texas Insurance Code worth three times his actual damages. Based on these allegations, the Court can reasonably infer Sowell's damages more likely than not exceed $75,000.

## II.     Evidence

In his motion to remand, Sowell argues Western Mutual failed to meet its burden to establish diversity jurisdiction because it did not present evidence of the amount in controversy in its notice of removal. A notice of removal, however, "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If not contested by the plaintiff or questioned by the court, courts should accept the amount in controversy allegation in the notice of removal. *Id*. at 87. Where, as here, a plaintiff challenges a court's diversity jurisdiction, courts consider evidence to determine whether the defendant has shown, by a preponderance of the evidence, the amount in controversy exceeds the jurisdictional threshold. *Id*. at 88.

In this case, Western Mutual proffers evidence showing that, prior to litigation, Sowell obtained an estimate of $30,853.11 to repair storm-related damage to his home. ECF No. 7-2. Sowell sent this estimate to Western Mutual with a pre-suit demand dated August 19, 2022, in which he asserted that the dwelling damages totaled $30,853.11, and he sought these damages, less the deductible of $1,510.00, plus a statutory penalty of $602.94 and attorney's fees of $1,200.00, for a total of $31,146.05. *Id*. The letter includes this disclaimer: "Please note that we do reserve the right to adjust these amounts to conform to the information and evidence that may be available to us at the time of trial, if and when litigation becomes necessary. Furthermore, this notice pertains only to our client's statutory (Insurance Code) causes of action against Western Mutual." *Id*. The demand letter, therefore, is evidence of Sowell's intent to pursue damages above $31,146.05, should litigation become necessary. Taken together with his petition, which seeks, among other things, treble damages for a knowing violation of the Texas Insurance Code, this is evidence the amount in controversy exceeds $75,000. Sowell's alleged dwelling damages, reduced by interest and fees, come to $29,343.11, and $29,343.11 x 3 = $88,029.33. The Court, therefore, finds Western Mutual has met its burden to set forth summary judgment-type evidence showing the facts in controversy support a finding of damages in excess of $75,000.

### III.    Legal Certainty

Where, as here, a defendant demonstrates the amount in controversy exceeds the jurisdictional threshold, the burden then shifts to the plaintiff to show to a legal certainty his recovery will not exceed $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d at 1412. Plaintiffs seeking to avoid removal in Texas establish legal certainty by filing a binding affidavit with their original complaint. *St. Paul Reinsurance Co.*, 134 F.3d at 1254 n.18. In this case, Sowell did not stipulate to the amount in controversy, in his original complaint or elsewhere. Sowell's failure to stipulate,

combined with Western Mutual meeting its burden, gives rise to the Court's finding that Sowell's damages meet the jurisdictional threshold. For this reason, the Court concludes the amount in controversy requirement is met, diversity jurisdiction is established, and removal is proper. Sowell's motion to remand is, therefore, denied.

### CONCLUSION

The Court finds the removing defendants have met their burden to show the amount in controversy in this case exceeds $75,000 and, therefore, the Court has diversity jurisdiction and removal is proper. For these reasons, the Court **DENIES** Sowell's Motion to Remand. ECF No. 6. Because the Court denies Sowell's Motion to Remand, it also denies his request for attorney's fees. The Court will refer this case to U.S. Magistrate Judge Henry J. Bemporad for pretrial matters by separate order.

It is so ORDERED.
SIGNED this 11th day of January, 2023.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE